CATTANI, Judge,
Specially Concurring.
¶ 9 I concur with the decision to deny relief and uphold Darrah’s conviction and sentence. I write separately, however, because I disagree that the carve-out provision of Arizona’s Medical Marijuana Act (“AMMA”) (AR.S. § 36-2802(D)) can never operate as a bar to a driving under the influence prosecution under AR.S. § 28-1381(A)(3). I also disagree that the Arizona Supreme Court’s decision in State ex rel. Montgomery v. Harris, 234 Ariz. 343, 322 P.3d 160 (2014), is controlling regarding whether someone who is a “registered qualifying patient” under the AMMA can be convicted under § 28-1381(A)(3) if the amount of marijuana or marijuana metabolite in the driver’s bloodstream was in insufficient concentration to cause impairment.
¶ 10 Under AR.S. § 36-2801, marijuana use is authorized under certain circumstances. A.R.S. § 36-2802 expressly prohibits, however, driving while under the influence of marijuana, except that under § 36-2802(D), an authorized medical marijuana user “shall not be considered to be under the influence of marijuana solely because of the presence of metabolites or components in insufficient concentration to cause impairment.”
¶ 11 The Majority correctly notes that in Harris, the Arizona Supreme Court refer- *188 eneed the AMMA, but nevertheless stated that “[the § 28-1381](A)(3) charge establishes that a driver who tests positive for any amount of an impairing drag is legally and irrefutably presumed to be under the influence.” 234 Ariz. at 347, ¶ 22,322 P.3d at 164. And the Harris court further noted that marijuana users “violate (A)(3) if they are discovered with any amount of THC or an impairing metabolite in their body.” Id. at 347, ¶ 24, 322 P.3d at 164.
¶ 12 But unlike Darrah, the defendant in Harris was not an authorized marijuana user under the AMMA. The Arizona Supreme Court thus did not squarely address the carve-out exception for authorized users under § 36-2802(D). Under this carve-out exception, in my view, an authorized user cannot be convicted under § 28-1381(A)(3) if he or she establishes that the amount of THC or marijuana metabolite in the blood was in insufficient concentration to cause impairment.
¶ 13 I concur in the result in this case, however, because Darrah did not make such a showing. The City presented testimony from a criminalist who indicated that Dar-rah’s blood contained 4.0 ng/ml of delta-9tetrahydrocannabinol (THC) and 47 ng/ml of ll-nor-delta-9-tetrahydrocannabinol-9-car-boxylic acid (carboxy THC), which the crimi-nalist defined as marijuana and a marijuana metabolite. Although the criminalist agreed that carboxy THC is not psyehoactive, she testified that THC itself is psychoactive and can cause impairment, noting in particular that 4.0 ng/ml “could possibly” cause impairment.
¶ 14 The criminalist testified that there is no consensus or agreement within the scientific community regarding the amount of THC in a person’s body that would always indicate impairment. The criminalist acknowledged, however, studies suggesting impairment at a level of 5 ng/ml of THC, with “possible” impairment at levels between 2 and 5 ng/ml.[3]
¶ 15 Darrah did not present contrary expert testimony or otherwise establish that 4.0 ng/ml is an insufficient concentration to cause impairment. Because AR.S. § 36-2802(D) provides a safe harbor only for someone with marijuana components or metabolites in insufficient concentration to cause impairment, this provision does not preclude Darrah’s conviction and sentence.
¶ 16 In sum, in my view, the § 36-2802(D) carve-out exception applies for authorized marijuana users accused of DUI. But because Darrah did not establish that the concentration of THC in his blood was insufficient to cause impairment, I agree that the carve-out exception does not apply in this ease, and Darrah’s conviction and sentence should be upheld.

. Based on this testimony, Harris notwithstanding, in my view, an authorized marijuana user with less than 2 ng/ml of THC in the blood should not be convicted of driving under the influence under § 28 — 1381 (A)(3).
Notably, other states that also authorize marijuana use have adopted 5 ng/ml of marijuana in the bloodstream as a standard for determining impairment under statutes similar to A.R.S. § 28 — 1381(A)(3). In Washington, "[a] person is guilty of driving while under the influence of intoxicating liquor, marijuana, or any drug if the person drives a vehicle within this state: [when] [t]he person has, within two hours after driving, a THC concentration of 5.00 or higher as shown by analysis of the person's blood [as measured in ng/ml of whole blood].” Wash. Rev.Code § 46.61.502(l)(b). In Colorado, "[i]f at such time the driver’s blood contained five nanograms or more of delta 9-tetrahydrocannabinol per milliliter in whole blood, as shown by analysis of the defendant’s blood, such fact gives rise to a permissible inference that the defendant was under the influence of one or more drugs.” Colo.Rev. Stat. § 42-4-130 l(6)(a)(IV). Unless and until Arizona adopts a more specific standard, from my perspective, a factfinder addressing charges of DUI under A.R.S. § 28 — 1381 (A)(3) based on the presence of marijuana or its metabolite in an authorized marijuana user’s blood must rely on evidence (presumably from experts) regarding whether a specific concentration of marijuana in the blood is insufficient to cause impairment.